UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-07575-AB-SK | Date: | April 3, 2026 |
|---|---|---|---|

| Title: | *Ernie R. Perez Jr. v. General Motors, LLC* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [DKT. NO. 15]**

Before the Court is Plaintiff Ernie R. Perez Jr.'s ("Plaintiff") Motion to Remand ("Mot.," Dkt. No. 15). Defendant General Motors, LLC ("Defendant") filed an Opposition to the Motion ("Opp'n," Dkt. No. 18) and Plaintiff filed a timely Reply ("Reply," Dkt. No. 21). The Court found the matter appropriate for decision without oral argument and **VACATED** the November 7, 2025 hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Plaintiff's Motion is **DENIED.**

## I.   BACKGROUND

On March 27, 2025, Plaintiff initiated this action by filing a Complaint in the Superior Court of California, County of Los Angeles in connection with Plaintiff's purchase of a 2024 Cadillac Escalade ESV ("Subject Vehicle"). Mot. at 1. Plaintiff asserted causes of action under the California Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1793.2, and the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d)(1), and seeks actual damages, restitution, civil penalties pursuant to Song-Beverly, consequential and incidental

damages, damages authorized by California Commercial Code §§ 2711, 2712, and/or 2713, as well as reasonable costs, expenses, and attorneys' fees. Notice of Removal, Compl., Ex. A. at 3-8, Dkt. No. 1.

On August 14, 2025, Defendant filed a Notice of Removal with this Court, asserting federal diversity jurisdiction pursuant to 28 U.S.C. §1332 and removal jurisdiction under 28 U.S.C. § 1441. Notice of Removal at 2. Plaintiff filed the present Motion, arguing that Defendant's removal was untimely and improper.

## II.   LEGAL STANDARD

### A.   Removal

Generally, a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A removing defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states," 28 U.S.C. § 1332. Section 1332 jurisdiction requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(a)(b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus*, 980 F.2d at 566. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*. Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id*.

### B.   Timeliness of Removal

"[S]ection 1446(b) [of Title 28 of the U.S. Code] identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885 (9th Cir. 2010). Where the complaint's removability is clear from the face of the "initial   pleading,"   the   first   thirty-day removal period   is   triggered. *Id.*; *see*

*also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005))).

Where the initial pleading does not reveal a basis for removal, a defendant has thirty days from the date it receives " 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)).

## III.   DISCUSSION

Plaintiff argues removal is untimely because removability was ascertainable on the face of the Complaint, triggering the first thirty-day deadline under § 1446(b)(1), and Defendant removed after 30 days. Mot. at 4. This Court assesses Plaintiff's arguments.

### A. Plaintiff's Complaint Did Not Trigger the First Thirty-Day Removal Deadline Under § 1446(b).

Plaintiff contends the first thirty-day deadline under § 1446(b) was triggered by the Complaint, which asserted a federal cause of action under the MMWA and provided the basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. Mot. at 4-5. However, federal courts only have jurisdiction over an MMWA claim if the amount in controversy for all claims is over $50,000. 15 U.S.C. § 2310(d)(3)(B). Thus, for a removal deadline to have been triggered by the Complaint, an amount-in-controversy of at least $50,000 should have been apparent from the face of the Complaint.

The Complaint fails to meet this standard. At no point does Plaintiff allege that the total amount in controversy is over $50,000. Plaintiff does not even include boilerplate language claiming the amount in controversy is over $50,000. Instead, the Complaint includes only the Subject Vehicle's make, model, year, and VIN number. Plaintiff argues that, given Defendant's "sophisticated knowledge of the motor vehicle industry," Defendant should have been able to ascertain an approximation of the Subject Vehicle's market value. Mot. at 7. Plaintiff relies on *Dart Cherokee Basin Operating Co., LLC v. Owens* to argue the § 1446(b) deadline was triggered because removability was "plausible" at the time of the initial pleading. However, Plaintiff's reliance on *Dart Cherokee* is misplaced.

The *Dart Cherokee* standard is used to determine whether a defendant's removal is proper, not to assess whether the removability deadlines under § 1446(b) are triggered. *See Kuxhausen v. BMW Fin. Servs, NA LLC*, 707 F.3d 1136, 1141 n. 3 (9th Cir. 2013) ("[W]hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin.") Instead, the Ninth Circuit has held that removability must be "unequivocally clear and certain" on the face of a pleading or other paper to trigger the § 1446(b) deadlines. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

The purpose of the "bright-line" rule is to "bring certainty and predictability" to removals and avoid "gamesmanship" in pleading. *Id*. The Ninth Circuit explained that this rule avoids "the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Harris*, 425 F.3d at 697. Accordingly, a defendant is not obligated to look beyond "four corners" of the initial pleading or conduct any "further inquiry" to determine removability. *Id.* at 694. Even if Defendant could have determined the valuation of the Subject Vehicle, it was not required to do so.

Moreover, the Complaint is indeterminate as to removability based on diversity jurisdiction because it is not "unequivocally clear" the Parties are diverse. The Complaint only alleges the residency of Plaintiff, not his citizenship. This is not sufficient to clearly establish Plaintiff's citizenship and, therefore, diversity between parties. *Davis v. Hisp. Scholarship Fund*, 2014 WL 12594136 at * (C.D. Cal. Sep. 15, 2014) ("It is well-settled . . . that residency alone is not sufficient to establish citizenship for purposes of federal diversity jurisdiction.") (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 858 (9th Cir. 2001)).

Several other courts in this district have found similar complaints failed to trigger the first thirty-day period for removability. *See, e.g.*, *Mejia v. General Motors, LLC*, 2025 WL 2983127 at *3 (C.D. Cal. Oct. 22, 2025); *Roxanda Yancor et. al. v. General Motors, LLC*, 2025 WL 3533808 at *1 (C.D. Cal. Dec. 9, 2025). Thus, this Court concludes the first thirty-day deadline under § 1446(b) was not triggered because it was not clear from the face of the Complaint the action was removable.

## IV.    CONCLUSION

For the forgoing reasons, the Court DENIES Plaintiff's Motion to Remand and DENIES Plaintiff's request for attorneys' fees and costs.

**IT IS SO ORDERED**.